IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIF ABUL MUHAMMED CURETON aka STEVE CARTER | : CIVIL ACTION |
| v. | : |
| SUPERINTENDENT ROZUM, et al. | : NO. 08-cv-2337 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the **_only_** possible means of obtaining this type of relief from state custody.[2]

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for exclusive relief by means of 28 U.S.C. §2254 for a petitioner who raises a **_constitutional_**[3] attack on the imposition, **_and/or_** the execution,[4] of a state conviction

---

[1]For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks on federal or state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as: attacks based on alleged violations of federal statutes; or, attacks based on alleged violations of treaties involving the United States; or, attacks based on an alleged lack of jurisdiction by the sentencing court; or, in federal custody cases, attacks based on allegations that the sentence imposed exceeds the legal maximum.

[2]Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[3]Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's

1

and/or a state sentence, which may only be filed after the state conviction has been imposed.[5]

By means of AEDPA, Congress **_intentionally_** created a series of **_restrictive gate-keeping conditions_** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.[6] One such intentionally restrictive gate-keeping condition is AEDPA's **_strict and short statute of limitations_**, created by 28 U.S.C. §2244(d).  Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called **_"second or successive rule"_**, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a §2254 habeas if that litigant had at least one previous §2254 habeas that was "dismissed after adjudication of the merits of the claims presented,"[7] which means **_either:_**

    I.      a dismissal after a consideration on the merits;[8] **_or,_**

    II.     a dismissal on the grounds of the statute of limitations;[9] **_or,_**

---

appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 U.S. 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[4]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[5]Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[6]The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

[7]Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[8]Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999).

[9]Duncan v. Walker, 533 U.S. 167 (2001).

III.   a dismissal on grounds of procedural default.[10]

In the instant situation, there is one prior 28 U.S.C. §2254 petition filed by petitioner (namely 06-cv-3030), which attacked the same conviction and/or sentence attacked in 08-cv-2337.  06-cv-3030 raised four claims.  On March 29, 2007, the Magistrate Judge entered a Report and Recommendation that three of the four claims in 06-cv-3030 be dismissed as procedurally defaulted and that the fourth claim be dismissed on the merits.  This Report and Recommendation in 06-cv-3030 was approved by this court on June 5, 2007.

On May 19, 2008, petitioner filed a petition in this court seeking his release from state custodial status based on the claim that this federal district court allegedly erred in finding the aforesaid three of the claims in 06-cv-3030 to be procedurally defaulted insofar as this court allegedly did not conduct an evidentiary hearing before approving the Magistrate Judge's Report and Recommendation.

The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, that that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005).  See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002); United States v.

---

[10] In re Cook, 215 F.3d 606 (6th Cir. 2000).  (A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing.  This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts.  Slack v. McDaniel, 529 U.S. 473 (2000)).

Baptiste, 223 F.3d 188 (3d Cir. 2000). The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000). As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice." United States v. Baptiste, 223 F.3d 188 at 190. Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties. Gonzalez v. Crosby, 545 U.S. 524 (2005). An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous decision was reached without making an argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to be either procedurally defaulted or time-barred). Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). In the instant matter involving Mr. Cureton/Carter, a reasonable argument could be made that the allegation of a failure to conduct an evidentiary hearing in a prisoner proceeding implicates the Fifth Amendment to the United States Constitution; however, in this court's view, the instant case is on point with the narrow exception to the general rules

4

of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in <u>Gonzalez</u> and by the United States Court of Appeals for the Third Circuit in <u>Pridgen</u>.

Accordingly, this 9th day of June, 2008, it is hereby

**ORDERED**, in accordance with this court's procedures for the related assignment of habeas corpus cases (Local Rule of Civil Procedure 72.1 and 28 U.S.C. §636(b)(1)(B)), that the above-captioned case is referred to the Honorable M. Faith Angell, United States Magistrate Judge, for a Report and Recommendation (as related to 06-cv-3030), and, it is further

**ORDERED** that as per Local Rule of Civil Procedure 72.1.IV(c), all issues and evidence shall be presented to the United States Magistrate Judge, and that, unless the interest of justice requires it, new issues and new evidence shall not be presented after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge.

_/s/ Lawrence F. Stengel_
**LAWRENCE F. STENGEL**
**U.S. District Judge**